IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **R.L.K.**, *by her next friends, individually and on behalf of all others similarly situated,* | : <br> : <br> : |
| *Plaintiff,* | : Case No. 1:23-cv-171 <br> : <br> : Judge Jeffery P. Hopkins |
| vs. | : <br> : |
| **INDIAN HILL EXEMPTED VILLAGE SCHOOL DISTRICT**, | : <br> : <br> : |
| *Defendant.* | : |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 37) of the Court's Order (Doc. 35) denying class certification. Plaintiff R.L.K. ("Plaintiff" or "R.L.K.") seeks reconsideration on the grounds that it is appropriate to correct clear errors of law and warranted due to the discovery of new evidence following the close of briefing on the underlying Motion for Class Certification (Doc. 16). *See* Doc. 37. Defendant Indian Hill Exempted Village School District ("Defendant" or "Indian Hill") has filed a Response (Doc. 38), and Plaintiff has filed a Reply (Doc. 39). In the alternative, Plaintiff asks the Court to certify its Order (Doc. 35) as immediately appealable. *See* Doc. 37, PageID 818. For the reasons that follow, Plaintiff's Motion for Reconsideration (Doc. 37) is **DENIED**. Plaintiff's request that the Court certify its Order as immediately appealable is also **DENIED**.

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits the filing of a motion to "alter or amend a judgment." This Rule allows the filing of motions for reconsideration, but such a motion "is not a vehicle to reargue the case or to present evidence which should have been raised in

connection with an earlier motion." *Dukes v. ADS Alliance Data Systems, Inc.*, No. 2:03-cv-784, 2007 WL 1057387 at *1 (S.D. Ohio Apr. 4, 2007). Instead, a motion for reconsideration is designed to "correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). As such, a motion for reconsideration under Rule 59(e) may be made only for one of the following three reasons: "(1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Id.*

## II.  LAW & ANALYSIS

A. Motion for Reconsideration

<u>Clear error</u>

R.L.K. asserts that the Court clearly erred by "imposing an 'ascertainability' requirement," Doc. 37, PageID 811, and by "finding that Plaintiff must prove the existence of a uniformly applied policy at this stage." *Id.* at PageID 813. In making these arguments, Plaintiff seeks merely to resurrect arguments already proffered and that were rejected on her briefing on class certification.[1] The motion thus "request[s] that [this Court] rethink a decision already made," *Dukes v. ADS Alliance Data Systems*, No. 2:03-cv-784, 2007 WL 1057387 at *1 (S.D. Ohio Apr. 4, 2007), which is not a proper basis for reconsideration. Because R.L.K. identifies no "clear error of law" or "manifest injustice," *id.* at *1, in the Court's previous Order, her request for reconsideration on this basis is **DENIED.**

<u>New evidence</u>

---

[1] To the extent she raises any new legal arguments that she could have raised before, those too are improper. *See CGH Transport, Inc. v. Quebecor World, Inc.*, 261 Fed.Appx. 817, 823 (6th Cir. 2008) ("[U]nder Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issues.") (citation omitted).

R.L.K. also requests reconsideration on the basis of two purportedly newly discovered pieces of evidence: affidavits of key witnesses employed by Indian Hill produced well after class discovery had closed and information on another child's request for accommodations provided to R.L.K.'s counsel by that child's parent after briefing on class certification was completed. Doc. 37, PageID 817. These arguments fail because the evidence R.L.K. cites was not "previously unavailable." *See GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Both pieces of evidence relied upon were available.

Evidence is previously unavailable for purposes of Rule 59(e) "only if it could not, in the exercise of reasonable diligence, have been submitted before." *Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F.Supp.1181, 1191 (W.D. Mich. 1995). As to the information regarding the 504 plan process disclosed in the post-discovery affidavits, this information was available as Plaintiff could have taken the deposition of the individuals from whom defendants secured affidavits and found this information. *See* Doc. 38, PageID 834 ("Plaintiff did not take a single deposition of the 127 staff members Defendant disclosed as having knowledge of [Indian Hill 504 plan policies]"). As to the information related to the additional student, acquired by Plaintiff's counsel in November 2024, this information was also available as it was information from prior school years, so it was information about Indian Hill's conduct prior to briefing on the Motion for Class Certification. *See* Doc. 32, PageID 751 (describing information at issue as "largely from the 2021-2022 and 2022-2023 school years."). Because plaintiff identifies no previously unavailable information relevant to the Motion for Class Certification, its motion for reconsideration on the basis of newly discovered evidence is **DENIED**.

    B.  Interlocutory Appeal

Plaintiff also seeks certification of the Court's Order (Doc. 35) as appealable under 28 U.S.C. § 1292(b), which provides that an otherwise unappealable order may be certified for immediate appeal where it "involves a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation." To prevail on such a motion, the moving party bears the burden of showing: "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Popp v. Brewdog Brewing Company, LLC*, No. 2:24-cv-338, 2025 WL 345980 at *9 (S.D. Ohio Jan. 30, 2025) (quoting *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)).

An interlocutory appeal is "an extraordinary remedy that should be employed only in extraordinary cases," *id.*, as Plaintiff acknowledges. *See* Doc. 37, PageID 819. Plaintiff asserts this extraordinary remedy is appropriate here because of the importance of class certification to the resolution of the litigation and the purportedly unsettled nature of the appropriate way to adjudicate class actions brought over school districts' compliance with the Individuals with Disabilities in Education Act and related statutes. *Id.* at PageID 819. The Court concludes this extraordinary relief is not warranted here. As to the second requirement listed above, the Court concludes there is no substantial ground for difference of opinion regarding proper adjudication of Plaintiff's Motion for Class Certification. As to the third requirement listed above, the Court concludes that allowing the litigation to proceed as an individual action by R.L.K. advances the ultimate termination of the litigation better than immediate appellate briefing on class certification. As the Court noted in its Order (Doc. 35), R.L.K.'s complaint

largely relates "solely to her own experience at Indian Hill, and it includes only brief references to district-wide policy." Doc. 35, PageID 775. R.L.K.'s opportunities for recovery are more limited in an individual action, as she asserts. Doc. 37, PageID 819. But where her complaint is in fact individual—arising from her particular experience at Indian Hill—it advances the "ultimate termination of the litigation," *Popp*, 2025 WL 345980, at *9, to adjudicate that individual claim now.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration (Doc. 37) is **DENIED**. Plaintiff's request that the Court's Order (Doc. 35) be certified for immediate appeal is also **DENIED**.

**IT IS SO ORDERED.**

April 8, 2025

Jeffery P. Hopkins
United States District Judge